IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSE R. MARTINEZ, et al.,

    Plaintiffs,

vs.                                             Case No.:4:09-CV-410-SPM-WCS

KLEMEN PLAZA LLC,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART MOTION FOR MORE DEFINITE STATEMENT

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss or, in the alternative, Motion for a More Definite Statement (doc. 9), and attached memorandum of law. Plaintiffs have filed a response in opposition (doc. 13). For the reasons set forth below, Defendant's Motion to Dismiss will be denied and Defendant's Motion for a More Definite Statement will be granted in part.

**LEGAL STANDARD AND ANALYSIS: MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

For purposes of a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. See Fed R. Civ. P. 12(b)(6); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Dismissal pursuant to Rule 12(b)(6) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." Shands Teaching Hosp. and

Clinics, Inc. v. Beech Street Corp., 208 F.3d 1308, 1310 (11th Cir. 2000) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)) (internal citations omitted). The threshold of sufficiency a complaint must meet in order to survive a motion to dismiss for failure to state a claim is "exceedingly low." Broward Garden Tenants Ass'n. v. United States Envtl. Prot. Agency, 157 F. Supp. 2d 1329, 1337 (S.D. Fla. 2001). Furthermore, a court must accept all reasonable inferences from the complaint and consider all allegations as true. Id. The standard by which a court should judge a motion to dismiss was modified in Bell Atlantic Corp., et al. v. Twombly, 550 U.S. 544, 555 (2007), holding "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]" In so doing, the Supreme Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible. Id.

In the Motion, Defendant challenges that Counts I through VII of the Plaintiffs' Complaint (doc. 1) fail to state claims upon which relief can be granted. However, upon review of the allegations raised in the complaint, it is clear that the Plaintiffs have satisfied the exceedingly low standard of sufficiency necessary to survive the Defendant's Motion to Dismiss. The Court acknowledges that there are apparent factual disputes between the Parties, which must be resolved in favor of the Plaintiffs at this stage in the proceedings. However, so that the Defendant may adequately respond to the Plaintiffs' complaint, Plaintiffs are directed to amend the complaint and provide a more definite statement in the following respects:

    1.    Explain how the Defendant made use of interstate commerce or of the

mails in connection with the sale of the unit.

2. Describe the appliance upgrades and amenities that the Defendant falsely represented would be installed or completed.

Therefore, upon consideration, It is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is *denied* and Defendant's Motion for a More Definite Statement is *granted in part*, as fully expressed above.

DONE AND ORDERED this <u>third</u> day of May, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge